**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| ASHLEY TAYLOR, | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| | § | CIVIL ACTION NO. 6:26-cv-168-JDK |
| VS. | § | |
| | § | |
| CITY OF TYLER, TEXAS; STEPHANIE | § | |
| FRANKLIN, in her individual and official | § | |
| capacities, STUART HENE, in his individual | § | |
| and official capacities; AND GRASSROOTS | § | |
| AMERICA – WE THE PEOPLE, | § | |
| | § | |
| DEFENDANTS | § | |

**DEFENDANTS' 12(B)(6) MOTION TO DISMISS**

Defendants City of Tyler, Texas (the "City"), Stephanie Franklin, and Stuart Hene file this Motion to Dismiss Plaintiff's claims as set forth in Plaintiff's Original Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.     INTRODUCTION

Plaintiff Ashley Taylor filed her Original Complaint alleging First Amendment retaliation and viewpoint discrimination under 42 U.S.C. § 1983.

Plaintiff fails to state a claim for either First Amendment or viewpoint discrimination or retaliation under § 1983, and her Complaint should be dismissed accordingly. In fact, Plaintiff's factual allegations demonstrate a fatal flaw that precludes recovery under either cause of action, namely that the statements allegedly leading to Plaintiff's termination were not even made by Plaintiff. This, alone, is sufficient to dismiss her Complaint in its entirety.

However, Defendants Hene and Franklin are also entitled to qualified immunity from liability for Plaintiff's claims.   The claims against Hene and Franklin in their official capacities should also be dismissed since they are duplicative of Plaintiff's claims against the City, which has been properly named and served.

Finally, Plaintiff's attempt to plead *Monell* liability against the City is insufficient regarding all three necessary elements.

## II.    STATEMENT OF ISSUES

1. Has Plaintiff pled sufficient facts to establish a plausible claim for First Amendment retaliation despite the "speech" underlying the claim being admittedly not made by Plaintiff and had to do with matters within the scope of Plaintiff's job duties?

2. Has Plaintiff pled sufficient facts to establish a plausible claim for viewpoint discrimination despite the "speech" underlying the claim being admittedly not made by Plaintiff, did not express a cognizable viewpoint, and had to do with matters within the scope of Plaintiff's job duties?

3. Are Defendants Hene and Franklin entitled to qualified immunity from liability for Plaintiff's claims?

4. Should Plaintiff's claims against Defendants Hene and Franklin in their official capacities be dismissed as superfluous and duplicative of Plaintiff's claims against the City?

5. Has Plaintiff pled sufficient facts to support *Monell* liability against the City given that Plaintiff did not allege an actual violation of Plaintiff's constitutional rights or a City policy that was the moving force behind any such violation?

### III.   ALLEGATIONS IN COMPLAINT

Plaintiff claims that her First Amendment right was violated regarding a sign posted outside the Tyler Public Library by another employee. In her Complaint, Plaintiff alleges the following series of events:

1.  Plaintiff's role as Director involved duties such as selection and curation of library materials, the creation and administration of library programming, and the display of informational signage. Compl. ⁋ 13.

2.  On September 26, 2025, another library staff member, **not Plaintiff**, placed a display sign at the entrance of the library stating, "*A truly great library has something in it to offend everyone.*" Plaintiff asserts that she **did not** author, commission, direct, or approve of the sign. Compl. ⁋ 20.

3.  Later that day, Plaintiff was allegedly directed to remove the sign by Defendant Stuart Hene, a City Council member. Compl. ⁋ 23. She responded to Defendant Hene that the sign had been placed by another staff member **without the direction of Plaintiff** and proceeded to remove the sign. Compl. ⁋ 24.

4.  On September 30, 2025, Plaintiff was allegedly demoted to a generic librarian position by the City. Compl. ⁋ 28.

5.  On October 8, 2025, Plaintiff was placed on paid administrative leave pending a third-party investigation by Workshield. Compl. ⁋ 33.

6.  Plaintiff was ultimately terminated on December 9, 2025 for violating the City's instruction not to discuss the Workshield investigation with other city employees. Compl. ⁋ 37.

In her Complaint, Plaintiff seeks damages for First Amendment retaliation and viewpoint viscrimination, alleging that her misconduct for disclosing the Workshield investigation was

pretextual, and she was actually terminated for speech she **_did not author, direct, approve, have knowledge of, or instruct the placement_** thereof. Compl. ⁋ 26. Based on the pleadings alone, these claims should be dismissed due to Plaintiff's failure to plead any actual statement or expression made by her.

### IV.   ARGUMENTS & AUTHORITIES

### A.   Legal Standard for Defendants' Motion to Dismiss

A dismissal pursuant to Rule 12(b)(6) is proper when it appears beyond a doubt that the plaintiff can prove no set of facts in support of his or her claims that would entitle the plaintiff to relief. *See Rubinstein v. Collins*, 20 F.3d 160, 166 (5th Cir. 1994).

Furthermore, to avoid dismissal, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged [by the plaintiff]." *Id*. "We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Iqbal*, 556 U.S. at 670 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Twombly*, 544 U.S. at 555). "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498—499 (5th. Cir. 200).

**B.      Plaintiff failed to sufficiently plead her claim of First Amendment retaliation.**

### 1. *Applicable Law*

To establish a First Amendment retaliation claim under 42 U.S.C. § 1983, Plaintiff must show:

(1) Plaintiff suffered an adverse employment decision;

(2) Plaintiff made speech regarding a matter of public concern as a private citizen;

(3) the Plaintiff's interest in commenting on matters of public concern outweighs the employer's interest in promoting efficiency in the workplace; and

(4) Plaintiff's protected speech motivated the employer's retaliatory action. *Finch v. Fort Bend Indep. Sch. Dist.*, 333 F.3d 555, 563 (5th Cir. 2003).

If an employee demonstrates that the speech at issue involves a matter of public concern, the court must perform a balancing test and attempt to strike a balance between the interests of the employee as a citizen, in commenting upon matters of public concern, against the interest of the employer, in promoting the efficiency of the public services it performs through its employees. *Brown v. Bd. of Trs. Sealy Indep. Sch. Dist.*, 871 F. Supp. 2d 581, 596 (S.D. Tex. 2012).  If the plaintiff meets the burden on these four elements, the defendant must prove that it would have taken the adverse employment action even absent the protected speech. *Id*.

In an analogous Fifth Circuit case, a plaintiff's First Amendment retaliation claim was properly dismissed where he did not plead any specific speech or statements that were the supposed basis of retaliation; he only pled that he was terminated for refusing to do something his supervisor asked.  *Guerra v. Castillo*, 82 F.4th 278, 289 (5th Cir. 2023).

In another analogous case, a plaintiff's First Amendment retaliation claim was dismissed under Rule 12(b)(6) because she failed to specify what statement of hers was allegedly the basis for retaliation.  *Hudson v. Leake Cty. Sch. Dist.*, No. 3:08cv90 DPJ-JCS, 2009 U.S. Dist. LEXIS

39925, at *10 (S.D. Miss. 2009).  The plaintiff merely stated in her complaint that she questioned the selection process the defendant used to fill an open job position.  *Id.*

### 2. *Plaintiff's Complaint fails.*

#### a.  Plaintiff has not engaged in protected speech.

Plaintiff has failed to plead an essential element and, therefore, state a claim of First Amendment retaliation, namely that she engaged in speech involving a matter of public concern. Plaintiff continually states that the speech at issue in the Complaint (the "*good library*" poster) was not authored, authorized, directed, approved, or commissioned by Plaintiff. Compl. ¶ 50(a). Based on Plaintiff's pleading alone, the Court need not go on to engage in the balancing test regarding Plaintiff's speech, because it was "**speech she did not make**." Compl. ¶¶ 26, 50(a).

Like the plaintiffs in *Guerra* and *Hudson* discussed above, Plaintiff's First Amendment retaliation claim should be dismissed for failing to plead any specific speech or statements of her own that were the ostensible basis for her termination.

#### b.  Any relevant speech made by Plaintiff as a library employee is unprotected by the First Amendment.

Alternatively, it is well established that a public employee's speech may be deprived of First Amendment protection at times. While an employee is not deprived of all First Amendment rights, they are limited to speech regarding matters of public concern, of which they are speaking as a citizen, not an employee. *Garcetti v. Ceballos,* 547 U.S. 410, 417, 126 S. Ct. 1951, 1957 (2006).

Following the precedent set by *Pickering v. Board of Education*, the Court applies a two-part inquiry to determine whether an employee's speech is afforded First Amendment protections. 391 U.S. 563 (1968); *Garcetti* at 418.

First, the Court determines whether the employee spoke as a citizen on a matter of public concern. *Id*. If yes, then the question becomes whether the relevant government entity had an adequate justification for treating the employee differently from any other member of the general public. *Id*. In *Garcetti*, the controlling factor was that the employee's expressions were made pursuant to his job duties. *Id* at 421. The court held that when public employees *make statements pursuant to their official duties*, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline. *Id*.

For example, in *Finch*, a former school principal alleged that her statements about the proper way to run a school were a matter of public concern, but the Fifth Circuit held that such statements were not, as a matter of law, involving a matter of public concern where the statements were made by a *school principal,* to an ISD committee, to the school board, and not as a private citizen.  333 F.3d 563.

In this case Plaintiff, the Director of the Tyler Public Library, had job duties which included displaying signage and communicating with the public. Compl. ℙ 13. The alleged statement (the "*good library*" poster) is expressly within her admitted duties as the Director. Compl. ℙ 13.

As in *Garcetti*, Plaintiff's expressions are exclusively made in the context of carrying out her job duties as library director, and therefore outside of First Amendment protection. In *Garcetti*, the Court held that restricting speech that owes its existence to a public employee's professional responsibilities does not infringe any liberties on the employee might have enjoyed as a private citizen. *Garcetti* at 422. It simply reflects the exercise of employer control over what the employer itself has commissioned or created. *Id* at 421-422. Nowhere in her Complaint does Plaintiff allege any speech made in her capacity as a private citizen, but all within her role as Director. Compl. ℙℙ

13, 49 (display of signage, curation of library materials, and creation and administration of library programming).

This same argument applies to Plaintiff's viewpoint discrimination claims briefed below.

That said, it must be stated again that Plaintiff specifically denies making the speech at issue in this case – the "*good library*" poster. Compl. ⁋ 26.

## C.    Plaintiff failed to sufficiently plead her claim of viewpoint discrimination.

### 1.  *Applicable Law*

To succeed on a claim of viewpoint discrimination under § 1983, a plaintiff must demonstrate:

(1) Plaintiff engaged in constitutionally protected speech;

(2) The speech's viewpoint was a substantial or motivating factor in the adverse action;

> *Doe v. Harrell*, 841 F. App'x 663, 669 (5th Cir. 2021); *Heaney v. Roberts*, 846 F.3d 795, 802 (5th Cir. 2017).

Viewpoint discrimination occurs only when "the ***specific motivating ideology or the opinion*** or perspective of the speaker is the rationale for the restriction." *Heaney*, 846 F.3d at 802 (5th Cir. 2017)(quoting *Rosenberger v. Rector & Visitors of the Univ. of Va.*, 515 U.S. 819, 829, 115 S. Ct. 2510, 132 L. Ed. 2d 700 (1995)).

In *Doe v. Harrell*, the plaintiff's viewpoint discrimination claim was properly dismissed via Rule 12(b)(6) motion because the plaintiff did not allege any viewpoint was communicated to the ostensibly discriminating public employee.  841 F. App'x 669-70.  The plaintiff pled that he had certain views about vaccines but not that he ever communicated those views to the accused professor, which was a fatal flaw.  *Id.*

### 2. *Plaintiff's Complaint fails.*

Once again, Plaintiff's claim of viewpoint discrimination fails on the basis that Plaintiff has not pled either the speech or the resulting viewpoint which was deprived. Repeatedly in her Complaint, Plaintiff admits that "she did not make" the speech regarding the "*good library*" poster, neither did she authorize, commission, approve, or direct it. Compl. ⁋ 20. If Plaintiff failed to engage in speech, then she necessarily failed to express a viewpoint.

Furthermore, the alleged speech mentioned in the complaint, the "*good library*" sign, fails to convey a particular viewpoint, at all. Its message is viewpoint neutral in that it purports to "offend everyone" and necessarily cuts both ways. Compl. ⁋ 20. Nowhere else in the Complaint does Plaintiff allege a viewpoint of hers that has been discriminated against. The Complaint points out that Plaintiff was asked to demonstrate tolerance of other people's viewpoints but fails to allege that her own viewpoint(s) were silenced. Compl. ⁋ 58.  Encouraging the tolerance towards the viewpoints of other individuals and organizations does not discriminate against Plaintiff's viewpoint but in fact goes to the very spirit of the First Amendment.

Due to the absence of any expressed viewpoint by Plaintiff, the Complaint fails to state a claim for viewpoint discrimination under 42 U.S.C. § 1983.

The arguments from *Garcetti* briefed in Section IV(B)(2)(b) above equally apply to Plaintiff's viewpoint discrimination claim as it involves expression squarely within Plaintiff's job duties with the City.  Defendants will spare the Court the recitation of the same caselaw and argument from Section IV(B)(2)(b) again in this section.

**D.    Plaintiff's request for injunctive relief and a declaratory judgment fall with her § 1983 claims.**

Plaintiff's requests for injunctive relief and a declaratory judgment are based on her First Amendment retaliation and viewpoint discrimination claims, and, as such, the requests fall with

those underlying causes of action.  See e.g. *Collin Cty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 172 (5th Cir. 1990) (failure of underlying cause of action precluded pursuing declaratory judgment).  Declaratory judgment is merely a form of relief that a court may grant for an underlying claim, without which declaratory relief is not available.  *Val-Com Acquisitions Tr. v. Citimortgage, Inc.*, 421 F. App'x 398, 400-01 (5th Cir. 2011).  If the underlying claims are dismissed, claims for declaratory relief or injunctive relief must also be dismissed.  *Adams v. Nissan N. Am., Inc.*, 395 F. Supp. 3d 838, 856 (S.D. Tex. 2018).

Since Plaintiff has not pled sufficient facts to support First Amendment retaliation or viewpoint discrimination, she cannot be entitled to declaratory or injunctive relief.

**E.      Defendants Hene and Franklin are entitled to Qualified Immunity.**

**1.  *Applicable Law***

"Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct."  *Reichle v. Howards*, 566 U.S. 658, 664, 132 S. Ct. 2088, 2093 (2012).

Courts undertake a two-pronged test to determine whether a government official is entitled to qualified immunity, analyzing: "(1) whether the facts that the plaintiff has alleged make out a violation of a constitutional right; and (2) whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct."  *Guerra v. Castillo*, 82 F.4th 278, 285 (5th Cir. 2023).  For a right to be clearly established, it must be clear "that every reasonable official" would have understood that his actions violate the right.  *Reichle,* 566 U.S. at 664.

The Supreme Court has repeatedly instructed courts "not to define clearly established law at a high level of generality" and that the ultimate question is whether the "*particular* conduct" in the "specific context of the case" is violative.  *Guerra*, 82 F. 4th at 285, quoting *Mullenix v. Luna*, 577 U.S. 7, 12, 136 S. Ct. 305, 193 L. Ed. 2d 255 (2015) (emphasis original).

At the pleading stage, the "crucial question is whether the complaint pleads facts that, if true, would permit the inference that Defendants are liable under § 1983 and would overcome their qualified immunity defense." *Id*. In the context of a Rule 12(b)(6) motion it is the "***plaintiff's*** burden to demonstrate that qualified immunity is inappropriate." *Id.* (emphasis added).

For example, in *Guerra*, the defendant officer was entitled to qualified immunity because the plaintiff could not point to relevant authority holding that the officer's refusal of his superior's instructions in the context of his employment as a patrol sergeant was a violation of a clearly established right. *Id*. at 289-90.

### 2.  *Plaintiff's Claims against Hene and Franklin.*

Defendants Hene and Franklin are government officials. Plaintiff cannot satisfy her burden of showing that Hene's or Franklin's particular conduct in the specific context of the underlying facts of this case violates a clearly established right of Plaintiff. Therefore, Plaintiff's claims against Hene and Franklin should be dismissed as Hene and Franklin are entitled to qualified immunity.

### F.     Plaintiff's claims against Defendants Hene and Franklin in their official capacities are duplicative and superfluous.

#### 1.  *Applicable Law*

"As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105 (1985). As the Supreme Court has explained:

> "It is ***not*** a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself."

*Id*. (emphasis original).

Official-capacity suits are "only another way of pleading an action against an entity of which the officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 361-62 (1991)(internal quotation omitted). "Suits against state officials in their official capacity therefore should be treated as suits against the State." *Id*. To that end, when the officials sued in their official capacity leave office, their successors would automatically assume their roles in the case. *Id*. "The real party in interest in an official-capacity suit is the governmental entity and not the named official." *Id.*

Therefore, when the governmental entity is named and sued, and one or more employees or agents of the entity are named in their official capacity, the "official capacity individuals" should be dismissed in that capacity. For example, in *Andrade v. City of San Antonio*, the court refused to apply qualified immunity to individual City employees in the *individual* capacities yet still dismissed the claims against the individuals in the *official* capacity because the City of San Antonio was directly named in the suit. 143 F. Supp. 2d 699, 720 (W.D. Tex. 2001).

### 2.   *Plaintiff's official capacity claims should be dismissed.*

Defendants Hene and Franklin are named in their individual and official capacities. The claims against them in their individual capacities should be dismissed for the reasons briefed above. The claims against them in their official capacities should dismissed because Plaintiff has named and served the City, directly, leaving the "official capacity" claims naming Hene and Franklin duplicative and superfluous.

### G.    *Monell* Liability

Plaintiff also alleges a *Monell* claim against the City in her Complaint. Compl. ¶¶ 41-43.

### 1.   *Applicable Law*

Municipal liability under Section 1983 (i.e. a *Monell* claim) requires three elements: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Guerra*, 82 F.4th 290.

"To be a policymaker, neither complete discretionary authority nor the unreviewability of such authority is enough; there must be more." *Id*. (internal quotations omitted).

In *Guerra*, the plaintiff's *Monell* claim was dismissed under Rule 12(b)(6) for failing to adequately plead a "policymaker" because his complaint did not identify facts that established the defendant city delegated policymaking authority to the City Manager who terminated the plaintiff. *Id*. at 291.

There are three routes to establish an "official policy":

(1) A policy statement formally announced by an official;

(2) A persistent widespread practice of city officials or employees is so common and well settled as to constitute a custom that fairly represents municipal policy; or

(3) a single unconstitutional act by a final policymaker. *Cambric v. City of Corpus Christi*, 170 F.4th 321, 325 (5th Cir. 2026).

"A customary policy consists of actions that have occurred for so long and with such frequency that the course of conduct demonstrates the governing body's knowledge and acceptance of the disputed conduct… and requires sufficiently numerous prior incidents, as opposed to isolated instances." *Id*. (internal citations omitted).

In *Cambric*, the plaintiff attempted to plead *Monell* liability under (2) "custom or practice" but failed since she only pled one example of uneven code enforcement to support her claim though she recited the caselaw phrase that the city "had a pattern, practice, or custom of selective enforcement." *Id*.

### 2. *Plaintiff fails to adequately plead Monell liability.*

The easiest path to the conclusion that Plaintiff failed to adequately plead *Monell* liability is that there is no violation of a constitutional right, at all, in her Complaint—much less one whose moving force was a City policy. This is briefed in detail above and is sufficient to defeat her *Monell* claim on its own.

But Plaintiff also fails to adequately plead a "policymaker" or "official policy."

Like in *Guerra*, Plaintiff has not pled sufficient facts to establish that final policymaking authority was delegated by the City to Hene, Franklin, or Broussard, which is a fatal flaw.

Plaintiff has not attempted to plead a *Monell* liability "policy" under the first or third routes from *Cambric*; she only attempted to plead a policy under the second route (persistent widespread practice). However, Plaintiff comes nowhere close to pleading facts showing actions that have occurred for so long and with such frequency that the course of conduct demonstrates the City's knowledge and acceptance of the disputed conduct. She only specifies a single incident of ostensible constitutional right violations (which Defendants contend is not a violation, either).

Plaintiff does not plead sufficient facts to support any of the three elements for *Monell* liability against the City, and her claim should be dismissed.

### V.    CONCLUSION AND PRAYER

Plaintiff's Complaint fails to plead a plausible claim for First Amendment retaliation or viewpoint discrimination, fails to carry Plaintiff's burden of overcoming qualified immunity for Defendants Hene or Franklin, and fails establish a plausible claim for *Monell* liability against the City. The official capacity claims against Defendants Hene and Franklin should also be dismissed because they are duplicative of the claims against the City.

Therefore, Defendants respectfully request that this Court grant their Motion to Dismiss in its entirety, and for all other and further relief to which they may be justly entitled.

Respectfully submitted,


/s/ *Eric Kolder*
ERIC KOLDER
Attorney-In-Charge
State Bar Card No. 24083323
eric@kolderfirm.com
MARY KOLDER
State Bar No. 24083324
mary@kolderfirm.com
**KOLDER LAW FIRM, PLLC**
102 N. College, Suite 402
Tyler, Texas 75702
(903) 262-8708

*ATTORNEYS FOR DEFENDANTS*


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service June 2, 2026. Local Rule CV-5(a)(3)(A).

/s/ *Eric Kolder*
ERIC KOLDER